IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ZACHARY FORREST MARQUART,

        Plaintiff,

v.

RICHARD J. CEREGHINO ET AL.,

        Defendants.

No. 3:22-cv-01072-MO

ORDER AND OPINION

MOSMAN, J.,

On July 22, 2022, Plaintiff Zachary Forrest Marquart filed this action *pro se*. Compl. [ECF 1]. Defendants moved to dismiss. Mots. to Dismiss [ECF 4, 14]. Plaintiff did not file a response to Defendants' motions by the deadline required by Local Rule 7-1(e)(1), so I issued an order requiring Plaintiff to show good cause for his failure to timely respond by September 20, 2022. Order to Show Cause [ECF 17]. Plaintiff did not file a response to the Order to Show Cause, but he did respond to the Motions to Dismiss on September 15, 2022. Resp. in Opp'n to Mots. to Dismiss [ECF 18]. Even construing Plaintiff's response as a response to both the Motions to Dismiss and the Order to Show Cause, under the doctrine of claim preclusion, I GRANT Defendants' Motions and DISMISS this case with prejudice and without leave to amend.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

1 – ORDER AND OPINION

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Claims that are barred because of the doctrine of claim preclusion inherently cannot state a claim for relief. *See Holcombe v. Hosmer*, 477 F.3d 1094, 1096 (9th Cir. 2007).

Review on a motion to dismiss is normally limited to the complaint itself. If the court relies on materials outside the pleadings to make its ruling, it must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d); *Carstarphen v. Milsner*, 594 F. Supp. 2d 1201, 1207 (D. Nev. 2009) (citing *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). But the court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Ritchie*, 342 F.3d at 908; *see also Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

When reviewing a motion to dismiss against a *pro se* plaintiff, the court construes the *pro se* pleadings "liberally," affording the plaintiff the "benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotations omitted).

## DISCUSSION

As is required for *pro se* plaintiffs, I construe Plaintiff's Response to Motions to Dismiss [ECF 18] as both a response to said motions and the Order to Show Cause [ECF 17]. In his response, Plaintiff notes various instances of doggedly pursuing his claims despite at times, as his complaint notes, sleeping in his vehicle. Resp. to Mots. to Dismiss [ECF 18] at 2; Compl. [ECF 1] at 5. Given these challenging circumstances, I find in this instance that Plaintiff has shown good cause for his failure to respond and proceed to analyze the Motions to Dismiss on their merits.

Plaintiff alleges various claims under federal law for alleged discrimination by Defendants. *See* Compl. [ECF 1] at 3–5. Defendants respond by noting that Plaintiff has now filed seven

lawsuits in state and federal court regarding these same claims and others that arise out of Defendants' refusal to permit construction on his property. Mot. to Dismiss [ECF 4] at 4. Defendants attach various filings from these suits—of which I may, and do, take judicial notice—including Plaintiff's first action that was dismissed with prejudice per a stipulated dismissal. Mot. to Dismiss, Ex. 4 [ECF 4-4]. Plaintiff was represented by counsel in that first action, but he has since proceeded *pro se* in his subsequent suits. Mot. to Dismiss, Exs. 3, 5 [ECF 4-3, 4-5]. Plaintiff's Response to the Motions to Dismiss acknowledged that he had previously filed "several lawsuits" "regarding the same discrimination issue(s)" against these same Defendants. Resp. to Mots. to Dismiss [ECF 18] at 3.

Claim preclusion bars a party in successive litigation from pursuing claims that were raised or could have been raised in a prior action. *Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1020 (9th Cir. 2019). Even if they were not actually pursued in an action that led to a judgment, claims that could have been brought in that action are proscribed. *Id.* Claim preclusion bars subsequent litigation when a prior suit "(1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). Here, Plaintiff admits to filing suits against the same Defendants regarding the same issues, so there is a common nucleus of operative fact and parties, *id.*, required to satisfy factors (1) and (3). And Defendants have provided evidence that Wasco County Circuit Court entered a judgment of dismissal with prejudice per a stipulated dismissal in Plaintiff's first suit. Mot. to Dismiss, Ex. 3 [ECF 4-3]. A stipulated dismissal with prejudice generally constitutes a final judgment on the merits, *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005), so factor (2) is also fulfilled. Therefore, Plaintiff is precluded from bringing his claims, and this matter must be dismissed.

3 – ORDER AND OPINION

## CONCLUSION

I GRANT Defendants' Motions to Dismiss [ECF 4, 14] and DISMISS this case with prejudice and without leave to amend.

IT IS SO ORDERED.

DATED this 26 day of September, 2022.

_____
MICHAEL W. MOSMAN
Senior United States District Judge

4 – ORDER AND OPINION